UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                        Case No.: 1-09-47942-jbr

SAUL KAMINSKY,                                     Chapter 7

                                    Debtor.
-------------------------------------------------------x

**DECISION AND ORDER ON CREDITOR'S MOTION FOR RELIEF FROM STAY**


        On September 15, 2009, Saul Kaminsky (the "Debtor") filed for a voluntary petition for

relief under Chapter 7 of the Bankruptcy Code.   On June 6, 2010, the Debtor filed a Motion for

Violation of Automatic Stay against the creditor Merrill Lynch, (Docket No. 30) seeking to access

the funds in his Individual Retirement Account #851-45598 (the "IRA Account"). The Debtor

inherited the IRA Account from his deceased wife.   See Merrill Lynch's Motion for Relief from

Stay (the "Lift Stay Motion") (Docket No. 36) at ¶ 23.   The  Debtor's IRA Account had a market

value of approximately $15,059.00 as of July 21, 2010. See Lift Stay Motion, Exhibit 3, Aff. of

Michael Hammerman (Docket No. 36) at ¶ 14.   The Court held a hearing on July 19, 2010, and

issued an Order (Docket No. 34) instructing Merrill Lynch to file a Motion for Relief from the

Automatic Stay or to turn over the funds in the IRA Account to the Chapter 7 Trustee.

        On July 21, 2010, Merrill Lynch filed the Lift Stay Motion (Docket No. 36) requesting that

the Court terminate the automatic stay to allow Merrill Lynch to proceed with its efforts to enforce

a February 10, 2009 arbitration award against the Debtor (the "Arbitration Award").   The

Arbitration Award found that the Debtor was liable to Merrill Lynch for compensatory damages in

the amount of $18,297.56 plus interest and reimbursement in the amount of $750.00 for the filing

fee paid to FINRA Dispute Resolution.    See Lift Stay Motion, Exhibit A, Arbitration Award, p. 2.

The Arbitration Award made no finding whether the claim was secured or unsecured.    See id.

Merrill Lynch had filed a notice of petition in the State Supreme Court, County of Nassau on

October 19, 2009 to confirm the Arbitration Award and learned of the Debtor's bankruptcy

petition filing shortly thereafter.    The Arbitration Award has not yet been confirmed in order for a

judgment to be entered.

On August 12, 2010, the Trustee filed an Objection to the Lift Stay Motion (Docket No.

40).    On August 19, 2010, the Court held a hearing on the Lift Stay Motion and the Trustee's

Objection.    The Court heard arguments and instructed Merrill Lynch to file a memorandum

addressing the basis for its claim as a secured creditor together with any supporting documents, as

well as the Trustee's arguments of waiver by reason of filing an unsecured proof of claim.    On

September 2, 2010, Merrill Lynch filed a Memorandum of Law in Support of its Lift Stay Motion

(Docket No. 45) .    The Court took the matter under advisement.

## DISCUSSION

### Merrill Lynch has not established a security interest in the Debtor's IRA

Merrill Lynch maintains that it has a secured interest in the assets of the Debtor's IRA

Account based upon a Brokerage Account that the Debtor entered into on August 24, 2005. The

movant asserts that the Debtor entered into a client relationship agreement (the "Agreement") with

Merrill Lynch which provided that any controversies which may arise in respect to the Brokerage

Account would go to arbitration.    Merrill Lynch also asserts that the Agreement provided for a

lien on all securities and other property held in any Merrill Lynch account in which the Debtor has

an interest as security for the discharge of any indebtedness or other obligation to Merrill Lynch.

On January 25, 2008, Merrill Lynch commenced an arbitration proceeding with FINRA Dispute Resolution to recover $18,297.56 from the debtor for a negative balance in his Brokerage Account.   Merrill Lynch succeeded at the arbitration and now seeks to enforce the Arbitration Award by liquidating the funds in the Debtor's IRA Account based upon the language of the Agreement granting a lien on any and all assets held in any Merrill Lynch account in which the Debtor has an interest.

The movant has provided a copy of the terms and conditions of a Merrill Lynch Client Agreement which are allegedly relevant to the security interest issue. See Lift Stay Motion, Exhibit 3, Aff. of Michael Hammerman (Docket No. 36).   However, portions of the Merrill Lynch Client Agreement provided by the movant do not identify the Debtor by name or otherwise, nor does the document contain his signature.   Therefore, there is a lack of evidentiary support to establish the basis for Merrill Lynch's claim of any security interest in the Debtor's IRA Account; there is neither evidence of a signed agreement by the debtor granting a security interest nor any explanation of why one was not provided.   Further, it is far from clear to the Court from the language of the Merrill Lynch Client Agreement that the document would establish a security interest in the Debtor's IRA Account even if evidence of the debtor's signature on the agreement was provided.

### Merrill Lynch does not have a *prima facie* secured claim

On March 19, 2010, Merrill Lynch filed a proof of claim ("Claim 1-2") in the Debtor's case in the amount of $19,047.57.   The claim arose from the balance due and owing in the Debtor's Brokerage Account and the FINRA filing fee in the amount of $750.00.   Merrill Lynch did not indicate on the proof of claim whether it was a secured or unsecured creditor.

Merrill Lynch maintains that it has both a secured claim in the amount of $18,297.56 and an unsecured claim in the amount of $750.00.   The movant believes that it has perfected its security interest in the Debtor's Brokerage Account and attempts to reserve its rights to file an amended proof of claim or to file a motion to amend its proof of claim.   The movant argues that absence of language in the proof of claim asserting a security interest in the Debtor's IRA Account does not amount to waiver of the security interest and notes that at the time no other parties had filed proofs of claim in the case and therefore no other parties had relied on the classification of Merrill Lynch's claim to their detriment.

In her papers and at the hearing on August 19, 2010, the Chapter 7 Trustee argued that Merrill Lynch's proof of claim is an admission of its status as a general unsecured creditor and that the movant had waived its status as a secured creditor by failing to assert such on its proof of claim. In addition, the Chapter 7 Trustee maintains that any claim based on Merrill Lynch's arbitration award is a general unsecured claim because the movant has not confirmed the arbitration for a judgment pursuant to N.Y.C.P.L.R. §7514(a).

Upon review of Claim 1-2 and the arguments of counsel, the Court finds that Merrill Lynch's proof of claim is not entitled to *prima facie* treatment as a secured claim.   Claim 1-2 will be treated as a general unsecured claim.

### CONCLUSION

For the reasons set forth above, the Court finds that Merrill Lynch has failed to establish that it has a security interest in the Debtor's IRA Account and the Court finds that Claim 1-2 should be treated as a general unsecured claim.   The Stay Application is denied in all respects and the

Debtor's IRA Account should be turned over to the Chapter 7 Trustee who shall hold the funds

pending any exemption claim.

IT IS SO ORDERED.



**Dated: October 13, 2010**
**Brooklyn, New York**

**Joel B. Rosenthal**
**United States Bankruptcy Judge**